# Supreme Court of Florida

————————

No. SC2022-1462

————————

**IN RE: AMENDMENTS TO FLORIDA RULE OF JUVENILE
PROCEDURE 8.013.**

May 4, 2023

PER CURIAM.

The Florida Bar's Juvenile Court Rules Committee (Committee) has filed a report proposing amendments to Florida Rule of Juvenile Procedure 8.013 (Detention Petition and Order).[1] The Committee proposes amending rule 8.013 to include the requirements in section 985.255(2), Florida Statutes (2022), and to improve clarity in accord with *In re Guidelines for Rules Submissions*, Florida Administrative Order No. AOSC22-78 (Oct. 24, 2022). The Board of Governors of The Florida Bar unanimously approved the proposed amendments.

———————————

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; Fla. R. Gen. Prac. & Jud. Admin. 2.140(b).

After the Committee filed its report, the Court published the proposal and received one comment. In response to the comment, the Committee amended its proposal. Having considered the Committee's proposal, the comment received, and the Committee's response, the Court hereby amends the Florida Rules of Juvenile Procedure as proposed and revised by the Committee.

First, rule 8.013 is amended by replacing "shall" with "must" throughout the rule, except in subdivision (a), where "shall" is replaced with "may" because it is more appropriate in the context of the sentence.

In addition, new subdivision (e)(6) is added to clarify the requirement that pursuant to section 985.255(2), if a child is being detained on an offense that is classified as an act of domestic violence for 48 hours as provided by law, the detention order must include specific written findings that respite care for the child is not available, and that it is necessary to place the child in secure detention in order to protect the victim from injury.

Accordingly, Florida Rule of Juvenile Procedure 8.013 is amended as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-

through type.  The amendments shall become effective on July 1, 2023, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, and FRANCIS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Juvenile Procedure

Stephanie C. Zimmerman, Chair, Juvenile Court Rules Committee, Bradenton, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Michael Hodges, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

Patricia Gladson, on behalf of the Honorable Scott M. Bernstein, Miami, Florida,

Responding with comments

**APPENDIX**

**RULE 8.013.    DETENTION PETITION AND ORDER**

**(a)    Time Limitation.** No child taken into custody shallmay be detained, as a result of the incident for which taken into custody, longer than as provided by law unless a detention order so directing is made by the court following a detention hearing.

**(b)**-**(c)**    [No changes]

**(d)    Petition.** The detention petition shallmust:

(1)-(7)    [No changes]

**(e)    Order.** The detention order shallmust:

(1)-(3)    [No changes]

(4)    order that the child shallmust be held in detention and state the reasons therefore, or, if appropriate, order that the child be released from detention and returned to his or her nonresidential commitment program;

(5)    [No changes]

(6)    If the child is being detained on an offense that is classified as an act of domestic violence for 48 hours as provided by law, the detention order must include specific written findings that:

(A)    respite care for the child is not available; and

(B)    it is necessary to place the child in secure detention in order to protect the victim from injury;

(67)    designate the place where the child is to be detained or the person or agency that will be responsible for the detention and state any special conditions found to be necessary;

(7̶8)    state the date and time when issued and the county and court where issued, together with the date and time the child was taken into custody;

(8̶9)    direct that the child be released no later than 5:00 p.m. on the last day of the specified statutory detention period, unless a continuance has been granted to the state or the child for cause; and

(9̶10)  be signed by the court with the title of office.